UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDDIE ROCKWELL,

                Petitioner,

v.                                       Case No. 3:06-cv-450-J-32HTS

WALTER A. MCNEIL,[1]
et al.,

                Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Eddie Rockwell, proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on May 16, 2006.[2] Petitioner challenges a 1998 state court (Duval County, Florida) judgment of conviction for two counts of aggravated

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Walter A. McNeil is substituted for James R. McDonough as the proper party Respondent having custody over Petitioner.

[2] The Petition (Doc. #1) was filed in this Court on May 16, 2006; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court (May 14, 2006). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

battery on two grounds: (1) ineffective assistance of trial counsel for failure to object to the court's giving the principal theory jury instruction, and (2) ineffective assistance of trial counsel for failure to request a jury instruction on independent acts since Petitioner withdrew from the criminal enterprise before the independent act occurred.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in 28 U.S.C. § 2244(d). See Respondents' Response Moving to Dismiss Petition for Writ of Habeas Corpus (Doc. #10) (hereinafter Response).[3]  Petitioner was given admonitions and a time frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #9).  Petitioner has replied. See Petitioner's Reply to Respondents' Movement to Dismiss Petition for Writ of Habeas Corpus (Doc. #13).

The following procedural history is relevant. Petitioner was tried by a jury, adjudged guilty of two counts of aggravated battery and was sentenced to twelve years of imprisonment on each count to be served concurrently. Ex. A at 79-85. On appeal, the parties filed briefs. Ex. C; Ex. D; Ex. E. On October 27, 1999, the appellate court per curiam affirmed. Rockwell v. State, 745

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

3

So.2d 1046 (Fla. 1st DCA 1999); Ex. F.  Petitioner moved for a rehearing (Ex. G), which the court denied on December 8, 1999.  Ex. H.  The mandate was issued on December 28, 1999.  Ex. I.

   Petitioner's conviction became final on March 8, 2000 (90 days from December 8, 1999, when the appellate court denied the motion for rehearing).  See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to the rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denied of that motion."); Supreme Court Rule 13.3.  This was after the April 24, 1996, effective date of the AEDPA.  Therefore, Petitioner had one year from the date his case became final to file the federal petition (March 8, 2001).  His Petition, filed in this Court on May 14, 2006, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

   The one-year period of limitation ran for two-hundred and eighty (280) days until December 15, 2000, when Petitioner filed his motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850.  Ex. J.  On or about January 9, 2001, Petitioner filed an amended motion.  Ex. K.  And, on or about August 21, 2001, he filed another amendment.  Ex. L.  After an evidentiary hearing, the court, on October 2, 2003, denied relief.  Ex. M.  On September 16,

4

2005, the appellate court per curiam affirmed without issuing a written opinion. Rockwell v. State, 913 So.2d 605 (Fla. 1st DCA 2005); Ex. Q. The mandate was issued on November 7, 2005. Ex. R. The one-year period of limitation began to run again on November 8, 2005. One-hundred and eighty-six (186) days ran until Petitioner filed his Petition in this Court on May 14, 2006.

Thus, at the time he filed his Petition, four-hundred and sixty-six (466) days had run. Clearly, the Petition is untimely filed in this Court. Petitioner was given the opportunity to address why the dictates of the one-year limitation period should not be imposed upon him. Petitioner contends that he filed his Petition within one year of the November 7, 2005, mandate. See Amended Petition (Doc. #7) at 14. However, the one-year period started running immediately after his conviction became final and continued to run until he filed his Rule 3.850 motion. The one-year period of limitation ran again after the November 7, 2005, mandate.

The United States Supreme Court set forth the two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007); Downs v. McNeil, 520 F.3d 1311, 1318 (Fla. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v.

Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). Petitioner has not met this burden.

Here, Petitioner has not set forth any facts showing he is entitled to equitable tolling. Since Petitioner has not shown a justifiable reason why the dictates of the one-year limitation period should not be imposed upon him, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. This case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of June, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

sc 6/9
c:
Eddie Rockwell
Assistant Attorney General (Winokur)